IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:13-CV-165-RLV
(5:01-CR-00008-RLV-2)

| | | |
|---|---|---|
| **VICTOR DESCOTT TORRENCE,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review on what Petitioner has labeled as a "Motion to Modify, Correct or Amend Sentence Pursuant to "Descamps v. United States." (Doc. No. 1).

On May 20, 2002, Petitioner was sentenced in this district to a term of 262-months' imprisonment following his conviction for conspiracy to possess with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §§ 846 & 841(a)(1) and (b). (Case No. 5:01-CR-00008, Doc. No. 209). Petitioner's judgment was upheld on direct appeal in a per curiam opinion. United States v. Torrance, 62 F. App'x 528 (4th Cir. 2003).

On December 11, 2013, Petitioner's present motion was opened as a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. A federal prisoner seeking to collaterally challenge the legality of his conviction or sentence generally must proceed by way of a § 2255 motion. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (citing In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)). Therefore, the Court finds that Petitioner should have presented his motion pursuant to the provisions of § 2255. In Castro v. United States, the Supreme Court held

1

that before a district court may recharacterize a pro se litigant's motion as his first § 2255 motion,

> the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

540 U.S. 375, 383 (2003); see also United States v. Blackstock, 513 F.3d 128, 132-35 (4th Cir. 2008).

The Court finds that Petitioner should notify this Court whether he wishes to withdraw his motion for relief or have the Court construe his motion as one pursuant to the provisions of § 2255. Because Petitioner has not received the required notice, the Court finds that this civil case should be closed. The Court finds that if Petitioner intends to proceed with his challenge to his criminal judgment under § 2255 then his date of filing shall be the date that he avers that he placed his instant motion in the prison mail system which he says is November 27, 2013. See Houston v. Lack, 487 U.S. 266, 276 (1988).

In making his determination of how to proceed with his challenge, the Court notifies Petitioner that the Antiterrorism and Effective Death Penalty Act (AEDPA) provides that § 2255 motions have a one-year limitation period. Specifically, the AEDPA provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme

Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

It does not appear that Petitioner filed a petition for a writ of certiorari with the Supreme Court therefore his criminal judgment would have become final on or about August 1, 2003, following the expiration of his time to file such a petition. See Clay v. United States, 537 U.S. 522, 532 (2003). Therefore, should Petitioner wish to proceed with the challenge to his criminal judgment he must notify the Court why he contends that his motion is timely filed under any of the provisions of § 2255(f).

**IT IS, THEREFORE, ORDERED** that:

1. The Clerk is respectfully directed to close this civil case and to mail a copy of a blank § 2255 petition to the Petitioner along with a copy of this Order.

2. Petitioner shall have thirty (30) days from the filing of this Order to file a response in his criminal case informing the Court of whether he wishes to withdraw his motion in the criminal case or whether he would have the Court construe his motion as a motion filed under § 2255.

3. Should Petitioner choose to proceed by way of a § 2255 motion he must include in his response why he believes his motion is timely filed under the provisions of § 2255(f). In addition, Petitioner must include all claims that he believes entitle him to relief in a § 2255 collateral proceeding on the § 2255 form which will be provided along with this Order. Should he provide additional claims, Petitioner must likewise explain why those claims are not time-barred under § 2255(f). Petitioner is notified that that §

2255 must be submitted under penalty of perjury.

4. Should Petitioner decide that he wishes to have his motion, and any amended claims he submits in response to this Order, examined as a § 2255 motion, the Clerk will then open a new civil case and proceed to conduct an initial review of Petitioner' § 2255 claims under the provisions of Rule 4 of the Rules Governing Section 2255 Proceedings. 28 U.S.C.A. foll § 2255.

**IT IS SO ORDERED.**

Signed: January 15, 2014

Richard L. Voorhees
United States District Judge